JOSEPHINE VANDEWATER, as Administratrix, etc., Respondent, *v.* THE NEW YORK AND NEW ENGLAND RAILROAD COMPANY, Appellant.

135   583
166   284

In the absence of a statute imposing upon a railroad company the duty of ringing bells or blowing whistles upon locomotives approaching a crossing, the failure to give such signals is not, as matter of law, negligence.

The provision of the General Railroad Act (§ 39, chap. 140, Laws of 1850; § 7, chap. 282, Laws of 1854), imposing that duty, having been repealed by the act of 1886 (Chap. 593, Laws of 1886); the only statute upon the subject remaining is the provision of the Penal Code (§ 421), which provides that the engineer of a locomotive who fails to ring the bell or sound the whistle upon it, eighty yards from a crossing, shall be guilty of a misdemeanor; this imposes no duty upon the company. (MAYNARD, J., dissenting as to last proposition.)

*It seems,* however, a railroad company owes a duty to the public to run its trains with care and caution at crossings, and the failure to give due warning of an approaching train by the signals specified or in some other way, may properly be considered as bearing upon the question of negligence.

In an action to recover damages for alleged negligence causing the death of plaintiff's intestate, who, while crossing defendant's tracks at a farm crossing, was struck and killed by a locomotive moving at a very high rate of speed, plaintiff gave evidence tending to show that no bell was rung or whistle blown for a highway crossing two thousand feet from the farm crossing, or when the engine passed a depot sixteen hundred feet therefrom, and that it was the custom of enginemen or firemen to give either one or other of these signals at both those places. The court charged that it was the duty of defendant to blow the whistle or sound the bell eighty rods before reaching the highway and continue it at intervals until the crossing was passed, and that if it did not do this and the accident at the farm crossing was occasioned by that omission, the jury might find a verdict of negligence, the same as if said provisions of the railroad act had not been repealed. *Held*, error.

*Vandewater* v. *N. Y. & N. E. R. R. Co.* (63 Hun, 186), reversed.

(Argued October 10, 1892; decided November 29, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 8, 1892, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This was an action to recover damages for the negligent killing of William P. Vandewater, plaintiff's intestate, while attempting to drive across the track of defendant, a railroad corporation.

The facts, so far as material, are stated in the opinion.

*Walter C. Anthony* for appellant. The learned justice erred in charging the jury that the provision of the Penal Code (§ 421) which makes it a misdemeanor for any person acting as engineer on a locomotive to fail to ring the bell, or sound the whistle when approaching a highway crossing had the same effect, so far as the railway company is concerned, as the former statute (Laws 1854, Chap. 282, § 7). (*Harty* v. *C. R. R. Co.*, 42 N. Y. 468; *Cordell* v. *N. Y. C. R. R. Co.*, 64 id. 535; *Byrne* v. *N. Y. C. R. R. Co.*, 94 id. 12.) The charge of the learned justice that it was the duty of the engineer to stop his train if he saw, or ought to have seen, the deceased in time to avoid the accident was error. *Chrystal* v. *T. & B. R. R. Co.* (105 N. Y. 164); *Spooner* v. *D., L. & W. R. R. Co.* (115 id. 22).

*Charles Morschauser* for respondent. The charge of the trial judge to the effect that the defendant was bound to run its train with prudence, and that either if they fail to see from lack of proper prudence when they ought to have seen, and if they did see and failed to stop, if they could, in time to avoid this injury, and if the plaintiff's intestate was free from negligence, it makes the defendant liable, was correct. (*Remer* v. *L. I. R. R. Co.*, 48 Hun, 352; 113 N. Y. 669; *Swift* v. *S. I. R. T. R. R. Co.*, 123 id. 648.) The judge's charge was correct in saying: "That if the defendant had neglected to ring the bell or blow the whistle at the approach of the depot and highway crossing, and it was the custom to do so, and if the man was killed by reason of this omission, the defendant was guilty of negligence." (*Chrystal* v. *T. & B. R. R. Co.*, 124 N. Y. 523.) The court charged in effect that if it didn't sound the bell or blow the whistle, and it was the custom to do it at the village station, and it didn't do that, and the two things combined caused this accident, if the man was killed by reason of the omission to do those things, then I say you may find a verdict of negligence against this company upon it. This was proper. (*Jetter* v. *N. Y. & H. R. Co.*, 2 Abb. Ct. App. Dec. 458.) The judge's charge was correct in stating that it was a crime for an engineer to fail to blow a whistle or ring a bell at the approach of a highway crossing. (Penal Code, § 421.)

PECKHAM, J. The plaintiff's intestate was killed at a farm crossing over the defendant's railroad, near the village of Fishkill. He was in the act of driving across the track when he was struck and instantly killed by one of the engines of the defendant, which was drawing its pay car. The general direction of defendant's road at this point is east and west. The engine attached to the pay car was coming from the east at the rate of forty or forty-five miles an hour, and at that speed passed a highway crossing called Van Wyck's, and then at a distance of a few hundred yards to the west of that crossing it passed the Fishkill depot, and continuing its very high speed

passed along still towards the west about sixteen hundred feet, when it reached the farm crossing in question and where the engine came in collision with the horse and wagon belonging to the plaintiff's intestate and threw him out of the wagon and killed him instantly.

The plaintiff upon the trial gave evidence tending to show that no whistle was blown or bell sounded for the crossing of the highway east of the Fishkill depot or for the depot itself, and none for the farm crossing where the accident occurred. This highway crossing was somewhere in the neighborhood of two thousand feet east of the farm crossing. Evidence was also given tending to show that it was customary for the engineers or firemen of the engines to blow the whistle or ring the bell when approaching the highway crossing and also when coming to the depot of the defendant. The learned judge charged the jury that the company were bound to blow the whistle or sound the bell eighty rods before getting to the highway, and continue it at intervals until the crossing was passed. He also said the deceased had a right to assume the company would do its duty with respect to the highway crossing, and if it did not sound the bell or blow the whistle at this crossing and the accident at the farm crossing was occasioned by that omission, then the jury might find a verdict of negligence against the company.

Proper exceptions to this charge were taken by counsel for defendant, who called the attention of the court to the fact that the statute imposing upon the company the duty of having the bell rung had been repealed. The court replied that it was in the Penal Code. Defendant's counsel said that the Penal Code did not apply in a civil action. The court then stated to the jury that it was just the same as if it were written in the law; that it was made a crime instead of imposing a liability for damages, and that the jury might find a verdict just the same as they could before the repeal. To this direction the counsel for defendant took appropriate exception. The question of the omission to whistle or ring on approaching a highway crossing two thousand feet east of the farm crossing

at which the plaintiff's intestate was killed, was thus made a most important factor in the case.

The effect of this charge was to permit the jury to find negligence from the mere omission to ring a bell or sound a whistle at the highway crossing, and the charge was based upon the assumption that the statute made it the duty of the company to make these signals at such crossing. In this we think the learned judge erred.

The statute imposing any duty upon the company to cause a bell to be rung or a whistle sounded upon approaching a highway crossing has been in terms repealed and the provision in the Penal Code does not leave the law the same as it was before the repeal. By section 39 of the General Railroad Act (Chap. 140 of the Laws of 1850), provision was made for placing a bell on each locomotive and direction was given that it should be rung as therein stated, or a steam whistle was to be attached to each locomotive and to be sounded instead. Penalties upon the company neglecting were placed, which could be collected by the district attorney, and the company was made liable for all damages sustained by any person by reason of such neglect. By section 7 of chapter 282 of the Laws of 1854, some additions were made to the provisions under the act of 1850, and it was provided that in addition to the penalties imposed upon the company every engineer in charge of an engine, who neglected to obey the statute, was to be subject to a fine and imprisonment in the county jail.

Subsequently the Penal Code was adopted and it went into operation on the 1st of December, 1882. Section 421 provided that the engineer of a locomotive who failed to ring the bell or sound the whistle upon it eighty rods, etc., should be guilty of a misdemeanor. Then the legislature by the act, chap. 593 of the Laws of 1886, repealed in so many words all the provisions in the General Railroad Act of 1850, and of the act of 1854, above cited, which made it the duty of the railroad company to cause the bell to be rung or the whistle to be sounded, or provided any penalties against the company for its neglect. The only statute upon the subject which remained

at the time of the happening of the accident in question is to be found in section 421 of the Penal Code, already cited.

Whether it was really intended to repeal all the sections of the law by which the duty was imposed upon the railroad company to cause these signals to be given, may perhaps be doubted, but the repeal is in such plain and peremptory language that courts cannot disregard it without a clear violation of a legislative enactment. The duty of giving the signals is placed by the Penal Code upon the engineer, and his failure is made a crime, and in that way the giving of the signals is still provided for. The statute, however, does not impose the duty upon the company, and unless such duty is imposed by statute the failure to give such signals cannot as matter of law be regarded as a neglect of duty. (*Beisiegel* v. *Railroad Co.*, 40 N. Y. 9; 14 Abb. Pr. [N. S.] 29; *Weber* v. *Central-Hudson R. R.*, 58 N. Y. 451–459; *Briggs* v. *R. R.*, 72 id. 26, 30.)

Of course the companies still owe a duty to the public at such crossings, as elsewhere. That duty is to run their trains with care and caution and when they cross such roads it may well be that the failure to give due warning by whistle or bell, or in some other way, would be held under all the circumstances, to be a failure to manage and run their train with proper care and caution, for which they would be liable to a party injured, if otherwise entitled to recover. Even when compelled by statute to make such signals, it is not necessarily a defense in all cases to prove that they were made. The making of the signals is the least the company can do, and in a given case it might not be enough. (*Harty* v. *Railroad*, 42 N. Y. 468; *Thompson* v. *Central-Hudson R. R. Co.*, 110 id. 636.)

When the duty to give signals at highway crossings was by statute imposed upon the railroad company, it was held that it did not apply in favor of one who was walking upon the track, but that it was intended for the benefit of those who were traveling the highway. (*Harty* v. *R. R. Co.*, *supra.*)

It may be that evidence of the omission to give any signals

for the highway crossing would not be admissible as bearing upon the question of defendant's negligence in running its trains at the farm crossing two thousand feet distant.

There are cases where evidence has been admitted showing the absence of customary signals at the places where usually they had been given, for the purpose of proving negligence on the part of the company. Whether this was a case where evidence of this nature should be admitted in favor of this plaintiff and with regard to the highway crossing, is a question not now necessary to decide.

If the defendant were guilty of negligence in the manner of running its train over the farm crossing it would be liable to a plaintiff otherwise entitled to recover. Upon a new trial all the facts can be shown which would enable the court or the jury to determine the question.

The judgment should be reversed and a new trial granted, costs to abide the event.

MAYNARD, J., dissents from that part of the prevailing opinion which holds that the duty of the engineer to give a signal when approaching a highway crossing is not the duty of the company, whose agent he is in running the engine, but concurs in the result upon the ground that as matter of law it is not negligence in passing a farm crossing to omit to give the required signal at the highway crossing two thousand feet away. It was a circumstance which the jury might consider in determining the degree of care to be exercised by the defendant in approaching the farm crossing.

All concur, except MAYNARD, J., who concurs in result.

Judgment reversed.